THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**DOMINIQUE SINCLAIR**                                                                                          **PLAINTIFF**

v.                                      Case No. 4:21-cv-00183-KGB

**SLEEP SCIENCE PENSACOLA GROUP,** *et al.*                                              **DEFENDANTS**

**ORDER**

Before the Court is the status of this case. On March 5, 2021, plaintiff Dominique Sinclair, proceeding *pro se*, filed a motion for leave to proceed *in forma pauperis* ("IFP") and a complaint against defendants Sleep Science Pensacola Group, Marcavion Fennell, Theresa White, St. Vincent Infirmary, Bryant White, Gyst House, Jimmy Sinclair, and Does Angela, Holly, Donna, Paul, Richard, Maurice B, Jimmy, and Bryant (Dkt. Nos. 1, 2). Sinclair has also filed a motion (Dkt. No. 5), motion to proceed with the given evidence (Dkt. No. 13), and motion for order (Dkt. No. 15).

**I.     IFP Application**

Based on Sinclair's application to proceed IFP, Sinclair has neither the funds nor the income to pay the filing fee. Therefore, the Court grants Sinclair's motion to proceed IFP (Dkt. No. 1).

**II.    Screening**

The Court will screen Sinclair's complaint pursuant to 28 U.S.C. § 1915(e)(2) before the complaint is allowed to be served. For the following reasons, it does not appear that the Court has subject matter jurisdiction over this action. As a result, the Court will not direct service of the complaint at this time.

      **A.**      **Legal Standard**

Because Sinclair is proceeding IFP, the Court is required to screen his complaint and dismiss the case, in whole or in part, if the Court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B); *see also Angel v. Bowers*, No. 3:18-CV-00121-KGB, 2019 WL 440571, at *1 (E.D. Ark. Feb. 4, 2019) (recognizing that district courts have the power to screen and dismiss complaints filed by all litigants, prisoners and non-prisoners alike); *Key v. Does*, 217 F. Supp. 3d 1006, 1007 (E.D. Ark. 2016) (same).

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but the "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Stated differently, the allegations pleaded must show "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 678 (2009).  While the court must accept as true all well-pleaded facts in the complaint, *see Farm Credit Servs. of Am., FLCA v. Haun*, 734 F.3d 800, 804 (8th Cir. 2013), it need not credit conclusory allegations or "naked assertion[s] devoid of further factual enhancement," *Retro Television Network, Inc. v. Luken Commc'ns, LLC*, 696 F.3d 766, 768 (8th Cir. 2012) (alteration in original) (quoting *Iqbal*, 556 U.S. at 678).

Finally, in evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, the court holds "a *pro se* complaint, however inartfully pleaded, . . . to less stringent standards than formal pleadings drafted by lawyers." *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (alteration in original) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

B.  Discussion

Sinclair alleges that "[t]he crime of malpractice happened at Gyst House and location devices were placed in my hand to have me followed." (Dkt. No. 2, at 3).  Sinclair further alleges that "my identity was stolen by family members[,] given to the clients at Gyst House, I was followed to Pensacola then put in a sleep study science research, my insurance has been charged several [times] fraudulently and I have surgical scars all over my body." (*Id.*, at 4).  Sinclair requests an order to stop being followed and harassed (*Id.*).  Sinclair further alleges that "I have a missing hernia mesh implant that was surgically removed in Gyst House and because of the amount of money involved my family refused to tell me[;] instead they bought houses + cars in my name." (*Id.*, at 5).  Sinclair claims that the amount in controversy is "$100,000+" (*Id.*, at 4).  Sinclair attaches to his complaint medical bills and explanations of benefits.

It is axiomatic that "[f]ederal courts are courts of limited jurisdiction." *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982).  "The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception." *Kessler v. Nat'l Enterprises, Inc.*, 347 F.3d 1076, 1081 (8th Cir. 2003) (quoting *Godfrey v. Pulitzer Pub. Co.*, 161 F.3d 1137, 1141 (8th Cir. 1998)).  Federal courts "possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree.  It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).

United States district courts have original subject matter jurisdiction over only two types of cases:  federal question cases under 28 U.S.C. § 1331 and diversity of citizenship cases under

28 U.S.C. § 1332. Sinclair indicates that his complaint is based on federal question jurisdiction. Having carefully reviewed the complaint, the Court doubts that it has subject matter jurisdiction to hear this case.

Sinclair has not established that this Court has federal question jurisdiction over his claims. Federal question jurisdiction exists in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's well-pleaded complaint. *See, e.g.*, *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 9-10 (1983)); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing *Gully v. First Nat'l Bank*, 299 U.S. 109, 112-13 (1936)). A federal question is presented only when "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd.*, 463 U.S. at 27-28.

Sinclair has not identified any specific federal statutes, federal treaties, or provisions of the United States Constitution that are at issue in this case (Dkt. No. 2, at 3). Rather, Sinclair's complaint appears to assert state-law claims for medical malpractice, battery, identity theft, and fraud (*Id.*, at 3-4). These claims are not a proper basis for federal question jurisdiction.

Diversity jurisdiction exists in "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and there is diversity of citizenship between the parties. *See* 28 U.S.C. § 1332(a). The diversity statute requires complete diversity of citizenship, which exists "where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Sols., LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978)). To determine

jurisdiction, the Court looks to the parties' status at the lawsuit's filing. *See Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570 (2004).

Here, Sinclair alleges that he is a citizen of Arkansas (Dkt. No. 2, at 3). Sinclair further represents that at least some defendants are citizens of Arkansas (*Id.*, at 4). Accordingly, Sinclair has not established that this Court has diversity jurisdiction over his claims.

In the light of these deficiencies, the Court will not direct service of Sinclair's complaint at this time. Instead, the Court dismisses for lack of subject matter jurisdiction this action. If he chooses to do so, Sinclair may file a timely motion for reconsideration and explain in a written filing what he contends supports this Court's subject matter jurisdiction. Given that the Court lacks subject matter jurisdiction and dismisses without prejudice Sinclair's claims, the Court denies as moot Sinclair's pending motions, including his motion related to his medical records, request to proceed with the case on the evidence provided, and request to combine and reopen all cases (Dkt. Nos. 5, 13, 15).

### III. Conclusion

For the reasons set forth above, the Court grants Sinclair's motion for leave to proceed IFP (Dkt. No. 1). The Court dismisses Sinclair's complaint for lack of subject matter jurisdiction. The Court denies as moot Sinclair's motion (Dkt. No. 5), motion to proceed with the given evidence (Dkt. No. 13), and motion for order (Dkt. No. 15).

It is so ordered this 28th day of February, 2022.

_____
Kristine G. Baker
United States District Judge